4-18-0624 Larry Hardwick, Workers' Compensation Commission Counsel may proceed Good morning, my name is Jason Jordan, I'm here on behalf of the appellant I'm preparing my oral argument today I thought I wanted to have a little mercy on the court I was about to ask you, how do we have jurisdiction here when the circuit court remanded the matter back for something that was other than mathematical computations Justice, it's a true question, I believe it was addressed in the brief and in fact it's been addressed in this court numerous times The circuit court reversed the commission and in essence the question is is there any TTD award that needs to be determined other than just calculating it is there evidence in the record as to what the future medical request was The TTD was requested through the hearing date and the circuit court by reversing on causation in essence creates a situation where the circuit court says IOTTD is the respondent for the hearing date that's a mathematical causation The next question is, is there evidence in the record as to what future medical was requested That's all well and good, but it's not ruling that That's not for us to rule Right, who ruled on the request for prospective medical care they denied it I thought The commission denied it However, and I believe the court has had more arguments just this year around the issue of is there evidence in the record which shows what the future medical that It doesn't matter, the commission has discretion they have to make an order addressing that issue it was never addressed I hear your argument, somewhere in the record it's floating around but we review decisions there's nothing to review here on those issues Well, just my position would be that the commission found no causal connection and that's why the treatment, which was in the record the treatment ordered by Dr. Seidle of the injections for the SI joint that's why the commission said no They did, but the circuit court remanded it on their issue and told them to make certain findings so if they make those findings and they find that there was a compensable injury then don't they have to go on and address the prospective medical and the additional TTD at some point they have to make a decision there's no decision to review Justice, one of the things we spoke with counsel about when the order was crafted in essence, what we hear about the circuit court was simply to take the causal connection and say yes, there is causal connection at that point, the only evidence if there is causal connection the only evidence in the record is for the TTD through the hearing date and the medical, which is well delineated in the record it's not a situation where we're getting back to the commission Doesn't the commission have to decide whether the medical bills that are in the record were necessary and reasonable? That's their function, not ours Justice Hoffman, this is on a and I agree with that statement of law that is the commission's function and in this case it's no different than any other 19B situation where there's a causal connection issue one side says, here is what should be done the other side says, no, there's no causal connection and the commission said no causal connection well the circuit court says, yes yes, we agree with them there is causal connection the evidence in the record supporting that that treatment, it should be ordered Wait a minute, wait a minute the fact that the treatment is ordered doesn't make it necessary or reasonable so doctors can order all sorts of treatment but they get to make an argument this is not necessary or the bill is not reasonable so the commission has to decide this they have to decide it on medical and they have to decide it on prospective medical Is it necessary? They dispose of it by saying no causal connection The circuit court reversed it You get a crack at this when they issue a decision on remand and the circuit court rules on that Now you can have a final order and you'll be able to talk about this But as it stands now I don't understand how we have jurisdiction I understand what you're saying but here's where I think the flaw is in your argument You're saying, hey, there's already been a full hearing the evidence is there, right? But what you're overlooking and missing is the commission has discretion to pick and choose, as he says between reasonable and necessary You're overlooking that part That isn't in the record We review a decision We don't review evidence I certainly understand that, Justice Here, the circuit court didn't say go back and find out what treatment this gentleman needs The circuit court said reverse on causal connection the treatment the gentleman needs there is no contrary opinion If there's causal connection there is no contrary opinion Even if there's contrary opinion they still have to pick and choose between what they believe Should be the expenses They still have discretion Do they not? Is the case over? When it goes right back to the commission? Don't they have to do something? Well, if the case goes back to the commission on the causal connection issue what happens is the treatment that's in the record is ordered Who makes decisions as to whether the treatment was reasonable or necessary? Just because they got a bill in the record for treatment that makes it reasonable or necessary? Judge, I would suggest to you the commission has already determined the treatment was not reasonable or necessary No, they didn't make a determination it wasn't reasonable or necessary They made a determination there was no causal connection They adopted Dr. Soriano's opinions Dr. Soriano opined that treatment that Dr. Sively was recommending was not reasonable or necessary for the condition Do they have to believe him? They didn't believe him The commission specifically No, the commission said there was no causal connection You don't have to talk about reasonable or necessary if there's no causal connection But they did But, counsel You're whistling up a tree I mean, come on The commission is going to have to decide how much of the medical treatment is reasonable or necessary They're also going to have to decide whether he's entitled to prospective medical Now, the commission disposed of this treatment in prospective medical on finding that there was no causal connection If it goes back the commission could say okay, there's a causal connection but oh, by the way we believe Dr. So-and-so it wasn't reasonable or necessary And they have already made that No, that's dicta Once they find no causal connection it's pure dicta They didn't have to decide it Period I mean, there's more here than a simple mathematical calculation And in that particular case you've appealed an interlocutory one Sure Just Maybe you should get past the jurisdictional thing and get up to your and the other merits of it Absolutely And and we were keenly aware of the jurisdictional issue below and the order was actually the Supreme Court order was discussed between counsels to ensure that we made clear what was happening I understand the Justice's point on the issue and, you know, in the brief the way I've addressed it is the same way I've addressed it with you today is that it's very clear what what the reasonable necessary treatment is if causal connection occurs it's very clear what it is it's a very it's not a you know, something that needs to be adjudicated further below As to the merits of the case we're talking about a situation here where my my argument today is is really what Justice Hoffman brought up in an earlier argument you know highlighting evidence that the Commission can use to support its decision and in that case I think there's more than ample evidence that's provided in the Commission's decision as to why they think they're correct causal connection position that that boils down to two main categories as far as what the Commission determined Petitioner's credibility and the credibility of the experts and again, going back as far as the experts are concerned the Commission chose the lead response expert over Petitioner's expert and in this case the evidence that supports that is I mean, there's volumes of evidence in the record we can go to the fact that Dr. Soriano was able to examine Dr. Seidley's findings in comparison to his own findings and said, no, there's something different here this is a different this is a different condition we can go to the fact that Dr. Seidley admits he never reviewed all the records he was sent the records by counsel but he says, you know I maybe perused them I didn't look through every page I don't have time to look through every page so, as far as the strength of the expert opinions I think the Commission has plenty of evidence there to Well, aside from that basically what you're saying is within the Commission's prerogative they view your expert over his and the story, right? Correct Which they can do and the story doesn't determine which experts were Right So, that that alone would be enough for the Commission to support the decision but then we can turn to Petitioner's credibility and I think again, as we point out in our brief the numerous ways in which the Commission could have found there was a credibility issue here and I think it goes on you know it goes on today in unsupported allegations that there was no fair hearing at the Commission level which there's nothing in the record to support that So, you're telling us if we get to the merits and as you've gotten the subtle hint that's a big if here we understand your argument I understand, Justice and yes, I mean every time there's a 19B we toil over the jurisdictional issue, right? And we have made an offer publicly time after time after time if when you file an appeal in order to protect the rights of your client there is a question of jurisdiction file a motion before us to determine our jurisdiction before you waste your time writing briefs and we're happy to rule on the motion if we can based upon the record that's before us and that's usually the decisions We've made that offer I think somebody's taken us up on it twice Elwood? Yeah, Elwood's taken it up twice Certainly, I'll take you up on that Yes, good idea With that I believe that's all I have unless you have any questions No I don't think there are Counsel, you may respond Thank you, the Court, Counsel My name's Gary Stokes I represent the petitioner Larry Hardwick I just want to go right to the the merits if you wish to reach those merits of the case Did you file a motion to dismiss? I did not You did not? I did not I also was familiar with Justice Hoffman's indicating in your request that we have a formation of legal jurisdiction I wrestled with that when I first saw the notice of appeal You saw the issue, I understand I saw the issue immediately, but I wasn't worried about it Well, I don't know This is kind of a thing that I talk to lawyers about I don't know where lawyers got away from motion practice I mean, that's what courts are here for Right And, I mean, if you're uncertain motion I mean, this is for our general calls as well It's not just the workers' comp call but I see it in our general calls as well There just seems to be some hesitancy or reluctance for lawyers to engage in motion practice And I think it's the most efficient and responsible way of handling a case when there are issues that are either seen by opposing counsel or for clarification purposes And I just don't know how we get that message out So I guess I might add I should know Well, you're not alone Both of you are not alone It just seems a hesitancy anymore And I don't know why Go ahead, please In terms of the merits as the respondent's brief pointed out I argued at trial court about the pillars that the commission's decision was premised upon and now they were premised upon falsities They're simply not true The facts and the records show that they're not true The findings, major findings not strong enough as Judge Travers indicated Things like how many cases where it's been raised by respondent cases that I've had and what were the symptoms on the day of the accident What were the symptoms immediately after the accident It's always preeminent Let's see, what is it you're coming up with You get something that sort of pops up a month later, five months later suddenly you know you've got a wrestling match The decision of the commission denied to call the connection because there were no complaints of leg pain on the day of the accident It's simply not true This is not even subject to debate It's clear in the record There's a one-page ambulance record that's there It talks about how much worse it's getting There are three or four pages referencing that hospital that the pain was coming down the legs The second element indicated that the commission relied upon was the suggestion that the board-certified neurosurgeon who evaluated the petitioner in this case testified that the condition was new nine months later No person reasonably reading that transcript can come to that conclusion No one can do that You can't come to that conclusion Dr. Simon was very clear in his analysis He said to the extent that other doctors have missed it it may be a new diagnosis not a new condition The commission said it was a new condition developed later Not true Thirdly the the the statement by the commission that all treating physicians have considered and specifically rejected the diagnosis of psychoreliac joint pathology Simply not true Again, it's not subject to debate Didn't say that none of them diagnosed psychoreliac joint pathology He said they considered it and rejected it Absolutely false And finally the reliance on Dr. Soriano as I said Dr. Soriano's opinions were based specifically on the April 22, 2016 report If you look at that report you see that Dr. Soriano made his opinion that there was no causal connection between the petitioner's condition and the work injury based on three primary factors Number one his complaints of pain in the back and leg were delayed I asked him how long were they delayed He said well I don't know beyond 24 or 48 hours because they must complain within 24 or 48 hours It was within minutes after the ambulance personnel arrived that we see the first complaint in the back and leg Secondly Dr. Soriano said well it's not we've got symptoms of the back leg and back and forth It's in the right leg one day, it's in the left leg the next day It's in the right leg the next day Absolutely not true Nowhere in the record does that indicate The fact of the matter is that the pain was always in the right leg from the get-go and occasionally he noted it in the limbo In the deposition, Dr. Soriano finally conceded that yeah you can get referred what's called referred pain in the other side Not a big deal And the So based on those four primary things the commission lied on were just demonstrably untrue That decision had to fall Now the respondent argues and must argue at this point well there's other evidence that constitutes substantial foundation or substantial support for the commission's decision Well the other evidence if you disregard all of those mistaken findings they rely on two things they say well is their prerogative to find Dr. Soriano more credible than Dr. Seidling and secondly the petition is not credible As far as Dr. Seidling and Dr. Soriano I don't want to go into great detail on that I've argued in several cases pointing out the the problems with Dr. Soriano's opinion what was based upon there and Dr. Seidling who doesn't do IVs he's a treating physician and what his testimony was and what he said this is what's really going on and here's the kind of treatment that we need for this sacroiliac joint pathology we need a CT scan of the sacroiliac joint we need injections of the sacroiliac joint etc. etc. The credibility thing is I think particularly problematic I talked about the four pillars the commission's decision is based upon I'm going to flip the coin and look at four or five primary things that the respondent indicates why the petitioner is not credible why he's a liar why he's trying to game the system and these are things like and you'll see this in the commission's decision he testified that he got no quote real treatment end quote at the emergency rooms number one, he's testifying in 2017 the injuries in 2015 number one, he added toroidal injection now is that real treatment? I don't know there was no elaboration at the trial court regarding that but that was suggested in the commission's decision as a reason why he's not credible he's a liar because toroidal is real treatment second the suggestion has been in the surgical brief, the telecourt brief the reply brief he lied when he told Dr. Finesio that the therapy wasn't helping his pain one word in a sentence, in a brief to make a completely different impression in the reply brief that they wrote, they said petitioner stated in therapy that his pain was 50% improved it's absolutely not true the 50% reference is to positional tolerance, in the very same note, they know his pain however, remains the same he started out with pain level 7 at the beginning of therapy at the end of therapy, he's a 7 pain and never improved and that's perfectly consistent with Dr. Shively's opinions he said, he's not going to get better because you're not treating the right body you're treating his spondylolisthesis which is not the source of his issue his issue is sacroiliac joint that's why he needs to be treated and that's why you don't see an improvement in the pain but that was listed in the commission's decision as a reason why the petitioner is not credible he's not credible because he himself said he was 50% better or it was stated in the therapy that he was 50% better no, he wasn't 50% better in pain level he was 50% better in positional tolerance that's it the hernia that was the whole hernia thing for a lot of me, I don't get the hernia the man had a pre-existing hernia 10 years earlier and had surgery was well aware of the risks of a strangulated hernia sepsis and death he had a hernia prior to this accident but he had no pain now the trial court responded and indicated well he had pain before, so he's trying to gain the system by getting some treatment for a painful hernia after the accident I had to go back to the records previously, note that he was indicated that he was painful so I'm not going to treat him he had pain after the accident he goes, he has it evaluated they do a CT scan, they say I don't see a strangulation, you're okay he draws it, that's it you won't even see hernia listed in the application for adjustment of pain they attack his credibility by saying you submitted a bill for a hernia evaluation you're a liar, that proves you're not credible the upper extremity radiating pain listed in Dr. Clooney's notes again, any reasonable person looking at those notes knows that's a typo there are no complaints of hand, arm, or shoulder pain, none zero one sentence that says upper extremity radiation all the complaints are in the low back, down the leg you can't have radiating pain from the lumbar spine they point that out he's lying he testified at trial, I didn't have complaints from the right arm I didn't have complaints in the hand so that's evidence of lying finally they bring up the prior problems from pre-existing eight, ten years ago, back problems and say, well that indicates that he's not being completely trustworthy he had a pre-existing problem he hadn't had medical treatment in eight years for that or later but even if he did, it could qualify as an aggravation of a pre-existing problem absolutely, it's irrelevant but in a commission decision it's evidence of lying and credibility problems  every single one of the paragraphs where they're suggesting, well he's a liar so you've got to rule against him and point out that that's not true or give the explanation I'd be happy to do that if anyone here wants to ask a question so we would just, if the case is considered on its merits we ask that the trial court be affirmed and the case be reviewed thank you thank you Mr. Stokes I'm sure you may reply just as I understand the issues that I suppose I ought to put a reply on just in case it's considered on the merits obviously I've made my point on the jurisdictional issue and certainly if it does go back I'm certain to see substantially similar arguments again I'd point the court out I think there's a real issue with the arguments the counsel's raising he tells the court that, well it's 50% approved positional tolerance not 50% approved I'm reading from the secured record page C394 where it says overall feels 50% better that does not anything to do with positional tolerance I'm reading from secured record C394 where it says he's met three of his five PT goals yet he tells Dr. Fenicio no improvement, he tells Dr. Soriano no improvement, he tells Dr. Seible no improvement I think that's a credibility issue I really do you know, counsel says no back problems for eight years prior, on the stand he said he had back problems in 2014 before the 2015 accident I think that's a credibility issue that we're representing now no problems eight years prior the typo the typo dilemma and I've heard this court before say well, if there's an error in the medical record it's incumbent upon the lawyer to go clear that up go take a deposition, go get an agenda it wasn't done in this case, and if we look at the secured record again, page C390, this isn't Dr. Foomey, this is a hand written note from a physical therapist that says he's complaining  does that not substantiate the commission's determination that this is a gentleman who's complaining of upper extremity complaints and the reason that's important is because it was clear Dr. Soriano knew all that he read the records, he pointed that out Dr. Seible, on the other hand says well, this gentleman's never even complained of left leg problems his position, because I asked Dr. Seible about bilateral leg complaints, he said well that's not our case this gentleman only has right leg problems well, that's true if you are in Dr. Seible's position all you have is the petitioner coming and telling you I've never had left leg problems since you're testified, that's what you told him but that's not the medical records so, I mean, I think there's some you know, there's some questions being raised about the commission's decision that are not fair approximations of the record and I think they don't address, I've heard Justice Hudson say, many people what do we do with that? Well, what do we do with that hand written note from the physical therapist who says he's got shoulder problems we can't just say, oh, Clooney's note's a typo, and then, well let's ignore that, what do we do with that? What do we do with the fact that Dr. Seible never reviewed any of the prior records it's interesting that the argument here is Dr. Seible said, new diagnosis nine months later, but that doesn't mean it's a new condition, Dr. Seible didn't know what his condition was Dr. Seible believed that this is a man who pushed open a door with his leg which was not the testimony, but this is a man that only had right leg complaints from the accident before that's not the case in the medical records Dr. Seible believed this is a gentleman who had no benefit from the treatment that was aimed at his low back where he, according to Dr. Seible, was not having symptoms, that's not true according to the medical records, it's clear in this case that one of the experts knew what was going on and the other litigation expert, Dr. Seible although he's in other credibility issues portrayed by counsels, being the treating doctor here, well, he's the condition is referred to Dr. Seible as attorney, Dr. Seible needs a letter from the attorney told about the standard of law told, help us if you can help us with the case, when the report comes back and he doesn't like what's in the report he needs another letter from the doctor and changes it then, I mean the idea that we're going to look at Dr. Seible and say yes, he's the treating doctor he should be, you know, a pencil treating doctor in this case, that's outlandish, so I appreciate that there is the jurisdictional issue I've addressed it, but on the merits, it's clear that the commission's decision is supported by the manifest way of the evidence there's plenty of support in there and that the attacks as to the commission, you know, it was their call on credibility it was their call on weighing the experts as long as there's evidence in the record that supports those decisions, which there is ample in the record, they should be affirmed Thank you, counsel Thank you, counsel, both for your arguments in this matter, we'll be taking an advisement to leave this position for issue